UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JAMES DEGRAFF,

                          Plaintiff,

            v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                          Defendant.
_____

**DECISION
and
ORDER

19-CV-6177F
(consent)**

| | |
|---|---|
| APPEARANCES: | LAW OFFICES OF KENNETH HILLER, PLLC<br>Attorneys for Plaintiff<br>KENNETH R. HILLER and<br>JUSTIN GOLDSTEIN, of Counsel<br>6000 North Bailey Avenue, Suite 1A<br>Amherst, New York 14226<br><br>JAMES P. KENNEDY, JR.<br>UNITED STATES ATTORNEY<br>Attorney for Defendant<br>Federal Centre<br>138 Delaware Avenue<br>Buffalo, New York 14202, and<br><br>VERNON NORWOOD<br>Special Assistant United States Attorney, of Counsel<br>Social Security Administration<br>Office of General Counsel<br>26 Federal Plaza – Room 3904<br>New York, New York 10278, and<br><br>JOSHUA R. SUMNER<br>Special Assistant United States Attorney, of Counsel<br>Social Security Administration<br>Office of General Counsel<br>601 E. 12 Street, Room 965<br>Kansas City, Missouri 64106, and |

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

KATHRYN L. SMITH
United States Attorney's Office
100 State Street
Rochester, New York 14614

## JURISDICTION

On April 7, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. No. 15). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on August 8, 2019, (Dkt. No. 8), and by Defendant on November 5, 2019 (Dkt. No. 13).

## PROCEDURAL HISTORY

Plaintiff Joseph James Degraff ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on October 30, 2015, for child's insurance benefits under Title II and Supplemental Security Income benefits under Title XVI of the Act ("disability benefits"), alleging he became disabled on December 17, 2001, because of anxiety, depression, autism spectrum disorder ("ASD"), and post-traumatic stress disorder ("PTSD").

Plaintiff's application for disability benefits was initially denied on February 11, 2016. (R. 10). At Plaintiff's timely request, on March 20, 2018, a hearing was held in Rochester, New York (R. 162-93), where Administrative Law Judge Brian LeCours ("ALJ"), Plaintiff, Plaintiff's attorney James Redmond, Esq., ("Redmond"), and vocational expert Eric Pruitt ("VE") testified. On May 22, 2018, the ALJ issued a decision denying

2

Plaintiff's claim (R. 10-20) ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. (R. 4). On January 8, 2019, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-6). On March 11, 2019, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1).

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## BACKGROUND

On August 8, 2019, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 8) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8-1) ("Plaintiff's Memorandum"). On November 5, 2019, Defendant filed a motion for judgment on the pleadings (Dkt. No. 13) ("Defendant's Motion"), attaching Defendant's Brief in Support of the Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 for Social Security Cases (Dkt. No. 13-1) ("Defendant's Memorandum"). On November 13, 2019, Plaintiff filed Plaintiff's Reply Brief (Dkt. No. 14) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

## FACTS[2]

Plaintiff Joseph James Degraff ("Plaintiff"), born March 21, 1992, was nine years old as of Plaintiff's asserted disability onset date of December 17, 2001. (R. 19). Plaintiff is a high school graduate with special education services. (R. 307, 338).

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

3

On July 6, 2012, Plaintiff's primary care physician Jeffrey Vuillequez, M.D. ("Dr. Vuillequez"), completed an annual physical on Plaintiff who reported a knee abrasion from a bicycle accident, noted that Plaintiff reported anxiety that improved by Plaintiff living alone, that Plaintiff lacked motivation and direction, and preferred not to see a mental health counselor.  (R. 440-43).

On September 9, 2014, Amy A. Loblaw, LCAT ("Ms. Loblaw"), a mental health counselor with Hillside Children's Services ("Hillside"), completed a psychological assessment on Plaintiff and noted that Plaintiff reported increased stress triggered by personal issues.  Ms. Loblaw evaluated Plaintiff with a very limited ability to perform simple and complex tasks independently, maintain attention and concentration, poor concentration that required redirection, and poor interpersonal skills.  (R. 577-78).

On September 19, 2014, Ms. Loblaw provided counseling to Plaintiff and evaluated Plaintiff with normal appearance, clear speech, normal perception with some preoccupations, intermittent eye contact, constricted affect, average intelligence, and mildly impaired judgment.  (R. 431).

On February 23, 2015, Ms. Loblaw completed an employability assessment on Plaintiff, noted that Plaintiff had difficulty managing everyday stressors, exhibited pressured speech and poor social cue awareness, was limited in his ability to perform simple and complex tasks independently, maintain concentration and attention and a regular schedule, and capable of performing low stress and simple tasks less than 25 percent of the time.  (R. 575).

On July 10, 2015, Dr. Vuillequez noted that Plaintiff reported chronic throat clearing, prescribed an antihistamine, and noted that Plaintiff was pleasant, talkative, mildly anxious, in no distress, and not receiving any mental health counseling.  (R. 450).

On July 14, 2015, Yu-Ying Lin, Ph.D., ("Dr. Lin"), completed an employability assessment on Plaintiff and opined that Plaintiff had a moderate limitation to performing simple tasks independently and maintaining attention and concentration.  Dr. Lin further opined that Plaintiff would be limited to working 10 hours weekly over a four-to-six-month period.  (R. 566).

On November 2, 2015, Ms. Loblaw completed a second employability assessment on Plaintiff and noted that Plaintiff was limited to performing simple and complex tasks independently, maintaining concentration, attention, and a regular schedule, and capable of performing low stress and simple tasks less than 25 percent of the time.  (R. 559).

On January 7, 2016, Dr. Vuillequez noted that Plaintiff reported increased anxiety in social situations and that Plaintiff believed his mental issues were disabling. Upon examination, Dr. Vuillequez noted that Plaintiff was alert, oriented, cooperative, and in no distress.  (R. 452-54).

On February 6, 2016, Christine Ransom, Ph.D., ("Dr. Ransom"), completed a consultative psychiatric examination of Plaintiff and evaluated Plaintiff with mild difficulties performing complex tasks, relating adequately with others and appropriately dealing with stress.  Dr. Ransom noted that Plaintiff reported no psychiatric hospitalizations, denied clinical level depression, generalized anxiety, panic attacks, cognitive symptoms or deficits, and opined that Plaintiff's episodic psychiatric condition

5

would not significantly interfere with Plaintiff's ability to function on a daily basis. (R. 465).

On July 25, 2016, Ms. Loblaw provided mental health counseling to Plaintiff and completed an employability assessment that noted Plaintiff was limited to performing simple and complex tasks independently, maintaining concentration, attention, and a regular schedule, and capable of performing low stress and simple tasks less than 25 percent of the time. (R. 557).

On March 31, 2017 and November 10, 2017, Stefanie Greisch, LMSW ("Ms. Greisch"), completed an employability assessment on Plaintiff, noted that she had provided bi-weekly mental health counseling to Plaintiff for two years, and that Plaintiff was limited to performing simple and complex tasks independently, maintaining concentration and attention for rote tasks, attending to a routine and was capable of maintaining a schedule less than 25 percent of the time. (R. 547).

On December 29, 2017, Dr. Vuillequez completed a medical source statement on Plaintiff and noted that Plaintiff had marked limitations to Plaintiff's ability to interact with others, maintain concentration, persistence and pace, adapt and manage himself, and that Plaintiff's mental health impairment and treatment would result in Plaintiff being absent from work more than four days each month. (R. 488).

On January 5, 2018, Ms. Greisch noted that Plaintiff was unable to meet competitive work standards, had no ability to complete a normal workday, perform at a consistent pace, and would likely miss more than four days of work each month. (R. 589).

**DISCUSSION**

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.    Disability Determination

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity ("SGA") during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[4] there is a presumption of inability to perform SGA and the claimant is deemed disabled regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[4] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, Plaintiff argues the ALJ erred in failing to adhere to the treating physician's rule in explaining the weight afforded to opinions rendered by Dr. Vuillequez, Ms. Loblaw, Ms. Greisch, and consultative examiner Dr. Lin, Plaintiff's Memorandum at 21-27, provided no discussion to support the ALJ's finding that Plaintiff did not meet the criteria for disability under §§ 12.06, 12.10 and 12.11 of listed impairments,[5] *id.* at 27-30, and, alternatively, by misapplying the "five-day rule" failed to

---

[5] The court does not address Plaintiff's argument that Plaintiff's impairments meet or equal § § 12.06, 12.10 and 12.11 of listed impairments. To meet the required level of severity for disability under Paragraph B of §§ 12.06, 12.10, or 12.11, a claimant's mental impairment must result in "marked" limitations in two areas or an "extreme" limitation in one area of functioning that include (a) understanding, remembering and applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace, and (d) adapting or managing oneself.  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x. 1, § § 12.06, 12.10, 12.11.  As discussed, *see*, Discussion*, infra,* at 8-14, substantial evidence supports the

develop the record. *Id.* at 13-21. Defendant argues the ALJ provided sufficient reasons for discounting the opinions of Plaintiff's medical treatment sources, Defendant's Memorandum at 20-26, that the ALJ's determination that Plaintiff did not meet the criteria under §§ 12.06, 12.10 and 12.11 is supported by substantial evidence in the record, *id.* at 29-30, and that the ALJ did not misapply the "five-day rule." *Id.* at 14-17.

### A.     "Five-Day Rule" and Failure to Develop the Record

Plaintiff argues that despite the ALJ acknowledging that treatment records from Ms. Greisch and Ms. Loblaw for the period between 2016 and 2018 were absent from the record (R. 178), the ALJ improperly relied on the so called "five-day rule" ("the rule"), 20 C.F.R. § 416.1435(a), admitting some but not all of the supplemental records submitted by Plaintiff on March 22, 2018. Plaintiff's Memorandum at 13-21. Defendant argues that the ALJ acted within the ALJ's discretion to admit only a portion of Plaintiff's supplemental records. Specifically, Defendant maintains that the ALJ did not misapply the five-day rule, as Plaintiff erred by not, as specifically requested by the ALJ during Plaintiff's hearing (R. 179), as required by the rule, including a late submission motion with compelling reasons to excuse Plaintiff's failure to notify the ALJ about absent records from Ms. Loblaw and Ms. Greisch from March 15, 2016 to March 21, 2018 (R. 30-161), and a March 15, 2018, narrative/update from Ms. Greisch, five or more days before Plaintiff's hearing, and that no error resulted from the ALJ's decision to admit only a portion of Plaintiff's supplemental records, as such records were duplicative of

---

ALJ's decision to afford little weight to Dr. Vuillequez's finding that Plaintiff's anxiety results in marked limitations to Plaintiff's ability to interact with others, maintain concentration, persistence or pace, adapt and manage himself and that Plaintiff would be absent from work more than four days monthly. (R. 17). Plaintiff is therefore unable to meet the criteria for disability under §§ 12.06, 12.010 or 12.11 of the listed impairments.

Ms. Greisch and Ms. Loblaw's medical source statements previously accounted for in the ALJ's residual functional capacity assessment of Plaintiff. Defendant's Memorandum at 14-17.  Plaintiff's argument is without merit.

The so-called "five-day rule" to which the parties refer is a recently enacted SSA regulation requiring, as of May 1, 2017, that a disability benefits claimant submit or inform the ALJ of any evidence at least five business days prior to the scheduled administrative hearing.  20 C.F.R. § 416.1435(a) ("§ 416.1435(a)").  ALJs may decline to consider records submitted subsequent to a hearing, or alternatively, decline to attempt to obtain such evidence unless the claimant provides compelling reasons for late submissions that include being misled by some agency action, a physical, mental, educational, or linguistic limitation, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control" prevented the claimant's compliance with the five-day rule.  20 C.F.R. § 416.1435(b).

In this case, during Plaintiff's March 20, 2018, administrative the hearing, the ALJ specifically addressed the absent records

> ALJ: Have you requested these records, Counsel?
> ATTY: Yes, apparently we have, Your Honor. I'm sorry, I thought that we had them in, but.
> ALJ: Well, they're not timely. You didn't send a five-day letter.  I'll give you till Friday.
> ATTY: Okay.
> CLMT: I actually have a letter from my therapist.
> ALJ: We need running records, sir. You can give me a letter but that's not timely either.
> CLMT: Okay.
> ALJ: We schedule on 75-day notice.  Your counsel probably explained to you that evidence was due five days before today.
> CLMT: Okay.
> ALJ: Now, obviously, we do have some opinion from that provider.  I don't know what this letter says, but we may already have that in the file.  Counsel, I'll give you till Friday to get Hillside –

11

> ATTY: Okay.
> ALJ: --and I'm not saying I'll take it at that point, but I want you to accompany the letter, the records with a late submission motion.
> ATTY: Okay.
> ALJ: So what I'm agreeing to do is see the records in line with your motion and consider your motion.
> ATTY: Okay.

(R. 178-80).

On March 22, 2018, Plaintiff timely, as per the ALJs request at the administrative hearing, filed 132 pages of supplemental treatment notes from Ms. Greisch and Ms. Loblaw for the period from March 15, 2016 to March 21, 2018 (R. 30-161), and a March 15, 2018, narrative/update from Ms. Greisch the existence of which Plaintiff testified to during Plaintiff's hearing (R. 178), one day before the ALJ's stated deadline on Friday, March 23, 2018, but did not include the motion requested by the ALJ.

It is well settled in the Second Circuit that "'the ALJ, unlike a judge in a trial, must himself affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Secretary of HHS*, 685 F.2d 751, 755 (2d Cir. 1982)). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination, 20 C.F.R. § 404.1512(d)-(f) (1995), and exists even when, as here, the claimant is represented by counsel." *Id.* (citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). In the instant case, although Plaintiff timely filed the subject supplemental treatment records as the ALJ requested, Plaintiff failed to also file, as specifically requested by the ALJ (R. 179), a late submission motion with an explanation to excuse Plaintiff's failure to file the records within five days of Plaintiff's hearing in accordance with § 416.1435(b), permitting the ALJ to admit some but not all

12

of Plaintiff's supplemental records in the absence of a reasonable excuse by Plaintiff. As such, the ALJ's refusal to accept all of Plaintiff's belatedly submitted records is not attributable to the ALJ's improper reliance on the five-day rule as Plaintiff asserts.  *See Palmeri v. Saul,* 2020 WL 1445260, at *4 (W.D.N.Y. Mar. 25, 2020) (no remand where plaintiff provides no acceptable reason for untimely submission of records under § 416.1435(b), and supplemental records do not otherwise undermine ALJ's decision). Plaintiff's motion on this issue is DENIED.

### B.     Treating Physician Rule

Plaintiff further maintains the ALJ violated the treating physician's rule in determining Plaintiff's RFC by accepting the consultative opinion of Dr. Lin that Plaintiff's limitations were "mild" instead of Dr. Vuillequez's finding that Plaintiff had "marked" limitations to Plaintiff's ability to interact with others, maintain concentration, persistence and pace, adapt and manage himself, and that Plaintiff's mental health impairment and treatment would result in Plaintiff being absent from work more than four days each month (R. 488).  Plaintiff's Memorandum at 21-24.  Defendant maintains that the ALJ provided sufficient reasons for discounting Dr. Vuillequez's finding that Plaintiff had marked limitations to functioning and would miss more than four days of work each month, as such finding was inconsistent with Dr. Vuilliquez's own treatment notes and substantial evidence in the record.  Defendant's Memorandum at 21-26.

Plaintiff's disability application filed on October 30, 2015, is subject to the treating physician rule.  *See* 20 C.F.R. §§ 404.1527, 416.927 (2017).  Generally, the opinion of a treating physician is entitled to significant weight but only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not

13

inconsistent with other substantial evidence in the case record." *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. App'x. 34, 35 (2d Cir. 2017) (quoting *Burgess v. Astrue ("Burgess")*, 537 F.3d 117, 128 (2d Cir. 2008), 20 C.F.R. § 404.1527(d)(2)).  In instances where the ALJ discounts a treating physician's opinion however, the ALJ must set forth "good reasons" for doing so.  *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to provide good reasons for rejecting a treating physician opinion is grounds for remand.  *Schall v. Apfel*, 134 F.3d 496, 503-05 (2d Cir. 2004) (*per curiam)* ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

Under the so-called "treating physician rule," the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. § 404.1527(d)(2).  Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence.  20 C.F.R. § 404.1527(d); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).

In the instant case, substantial evidence in the record supports the ALJ's determination to afford little weight to Dr. Vuillequez's finding that Plaintiff had a marked

limitation to interacting with others, maintaining concentration, persistence and pace, adapting or managing himself, and would be absent more than four days from work monthly. (R. 17). In particular, Dr. Vuillequez's treatment notes establish that Plaintiff's anxiety was under control and that Plaintiff exhibited indicators of psychiatric normality. Specifically, on July 10, 2015, Dr. Vuillequez noted that Plaintiff's mental functioning was "okay." (R. 450). On January 7, 2016, Dr. Vuillequez noted that Plaintiff was pleasant, oriented, cooperative and in no mental distress. (R. 454). On January 25, 2017, Dr. Vuillequez noted that Plaintiff was alert, oriented and cooperative, and reported that he was volunteering at a church and had a good relationship with his supervisor. (R. 473). The ALJ's determination that Dr. Vuillequez's treatment notes undermined Dr. Vuillequez's opinion that Plaintiff had marked limitations to interacting with others, maintaining concentration, persistence and pace, adapting and managing himself, and that Plaintiff's mental health impairment and treatment would result in Plaintiff being absent from work more than four days each month (R. 488), is therefore supported by substantial evidence in the record. Plaintiff's motion is DENIED.

Plaintiff's argument, Plaintiff's Memorandum at 24, that the ALJ erred by failing to provide sufficient reasons to support the ALJ's determination to afford less weight to Dr. Lin's opinion that Plaintiff was limited to working 10 hours weekly is also without merit. Significantly, the ALJ provided the following explanation for affording significant weight to only a portion of Dr. Lin's opinion, *i.e.,* that Plaintiff's limitations were "mild":

> as [the] opinion [w]as generally consistent with the results of [Dr. Lin's] evaluation, during which [Dr. Lin] observ[ed] abnormalities in the claimant's functioning during a mental status examination; however, given the treatment history described above [R. 13-17], I find that [Dr. Lin's] conclusion that [Plaintiff] would be limited to working 10 hours per week, over a period of four-to-six months, is not supported by the record.

(R. 18).

The ALJ also contrasted Dr. Lin's finding on Plaintiff's limitation to working only 10 hours per week with Dr. Ransom's consultative examination of Plaintiff on February 6, 2016, wherein Dr. Ransom noted that Plaintiff reported no psychiatric hospitalizations, denied clinical level depression, generalized anxiety, panic attacks and cognitive deficits, Plaintiff exhibited only mild limitations to performing complex tasks, relating adequately to others, and Dr. Ransom opined that Plaintiff's episodic psychiatric condition would not significantly interfere with Plaintiff's ability to function on a daily basis. (R. 18).  The ALJ's determination to afford less weight to the portion of Dr. Lin's opinion regarding Plaintiff's limitation to working 10 hours per week is therefore adequately explained and supported by substantial evidence in the record.  *See Rivera v. Berryhill*, 312 F.Supp. 3d 375, 380 (W.D.N.Y. 2018) (quoting *Tankisi v. Commissioner*, 521 Fed. App'x. 29, 34 (2d Cir. 2013) (no remand where ALJ discounted medical opinion and record contained sufficient evidence upon which the ALJ based claimant's RFC)).  Plaintiff's motion on this issue is DENIED.

      Plaintiff's further argument, Plaintiff's Memorandum at 25-26, that the ALJ improperly afforded weight to the opinions of Ms. Loblaw and Ms. Greisch is also without merit.  As social workers, Ms. Loblaw and Ms. Greisch are considered "other sources" rather than "acceptable medical sources" and their opinions, accordingly, are not presumptively entitled to controlling weight.  *See Sirris v. Colvin*, 2016 WL 6090585, at *3 (W.D.N.Y. Oct. 19, 2016) (citing *Seignious v. Colvin*, 2016 WL 96219, at *6 (W.D.N.Y. Jan. 8, 2016)).  Nonetheless, ALJs are required to evaluate opinions from "other sources" on key issues such as the severity and functional effects of claimant's

impairments and provide findings on whether (1) the source examined the claimant; (2) the opinion was rendered by a treating source; (3) the opinion is supported by relevant evidence; (4) the opinion is consistent with the record as a whole; (5) the opinion was rendered by a specialist, and any other factors that tend to support or contradict the opinion.  See 20 C.F.R. § 416.927(c)(1-6) ("§ 416.927(c)(1-6)").

In the instant case, the ALJ afforded "some" weight to the opinions of Ms. Loblaw and Ms. Greisch (R. 17), specifically reasoning that such opinions were inconsistent with Plaintiff's lack of formal psychiatric treatment by a licensed psychologist or psychiatrist, that Plaintiff was not prescribed medication to treat Plaintiff's anxiety, and that such findings were inconsistent with Dr. Vuillequez's treatment notes of Plaintiff. The ALJ's determination to afford some weight to the findings of Ms. Loblaw and Ms. Greisch is therefore in accordance with § 416.927(c)(1-6).  Plaintiff's motion on this issue is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. No. 8) is DENIED; Defendant's Motion (Dkt. No. 13) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

>                     /s/ Leslie G. Foschio
>    _____
>              LESLIE G. FOSCHIO
>        UNITED STATES MAGISTRATE JUDGE

DATED:    June 26, 2019
               Buffalo, New York